IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TATIA THOMPSON, individually, and | ) | |
| on behalf of JUSTIN THOMPSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 08-2695-STA |
| | ) | |
| SHELBY COUNTY, SHELBY COUNTY | ) | |
| SCHOOL BOARD, and SHELBY | ) | |
| SHERIFF'S DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

---

**ORDER GRANTING DEFENDANT SHELBY COUNTY SCHOOL BOARD'S MOTION TO DISMISS**

---

Before the Court is Defendant Shelby County School Board's Motion to Dismiss (D.E. # 7) filed on December 1, 2008.[1] The deadline for a response to the Motion, which was January 4, 2008, has passed. To date Plaintiffs have failed to respond. For the reasons discussed below, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiffs brought this Complaint pursuant to 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 1983 and alleged various theories of recovery under Tennessee law as well. Compl. ¶ 1.

---

[1] Normally, no Section 1983 claim accrues against a department of a local government entity. Martin A. Schwartz & Kathryn A. Urbonya, *Section 1983 Litigation* 85 (2d ed. 2008). However, it is undisputed in this case that Shelby County Board of Education is a legal entity separate from Shelby County government. Therefore, Shelby County Board of Education is subject to suit.

1

Plaintiffs' state law claims include a cause of action under the Tennessee Human Rights Act, negligence, false arrest, false imprisonment, negligent infliction of emotional distress, and intentional infliction of emotional distress. Compl. ¶¶ 2-3. Plaintiff Tatia Thompson ("Plaintiff") is the mother of Justin Thompson ("Justin"); both are Tennessee residents. Compl. ¶¶ 4-5. According to Plaintiff, Justin was a student at Southwind High School ("Southwind"). Compl. 2. One day in November 2007, as Justin was walking home from school, he was attacked by several males who were also students at Southwind. *Id*. Plaintiff immediately went to the school to report the incident to the principal and the school security officer. *Id*. Because the attack occurred off school property, the principal informed Plaintiff that he could not take action against the attackers. *Id*. The principal advised Plaintiff to pick Justin up from school in the future rather than have him walk home alone, advice which Plaintiff followed. *Id*.

In 2008 Plaintiff transferred her son to another school, Arlington High School ("Arlington"), out of concern for his safety. *Id*. In February 2008, a video of the November 2007 attack on Justin appeared on YouTube and was released to local television stations. *Id*. Subsequently, Shelby County Sheriffs deputies came to Arlington and arrested Justin while he was in class. *Id*. at 2-3. Justin was taken to the Shelby County Juvenile Court detention center. *Id*. Defendant Shelby County School Board ("the Schools") immediately suspended Justin indefinitely. *Id*. Local news reports covered the story and aired photographs of Justin reporting that Justin was a member of a local gang. *Id*. at 3. Upon closer examination, the Schools determined that Justin was the victim of the attack depicted in the video and reinstated him. *Id*.

As a result of these events, Plaintiff alleges that her son has experienced severe mental anguish, embarrassment, and harassment at school. *Id*. Justin has had to undergo psychological

counseling for depression and nightmares. *Id*. Plaintiff also alleges that she has also had to undergo psychological counseling and suffered economic losses. *Id*.

Plaintiff's Complaint asserts negligence as a cause of action against the Schools for the Schools' failure to take action when Plaintiff first reported the attack on Justin. *Id*. Furthermore, Plaintiff contends that the negligent conduct of the Schools in failing to act after the assault has resulted in the negligent infliction of emotional distress and is so shocking that it amounts to intentional infliction of emotional distress. *Id*. at 4.

In its Motion to Dismiss, the Schools argue that Plaintiff has failed to state a claim pursuant to Section 1983. Additionally, the Schools contend that this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) to consider any claim against the Schools brought under 28 U.S.C. § 1346(b)(1). Finally, the Schools seek the dismissal of all of Plaintiff's state law claims against it.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[2] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[3] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential

---

[2] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[3] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

allegations with respect to all material elements of the claim."[4]  "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[5]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[6]  The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[7]  Therefore, the Sixth Circuit has articulated the following as the standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[8]  Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[9]

---

[4] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[5] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[6] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[7] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly,* ... in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

[8] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[9] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

As for a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive the motion."[10] In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits.[11]

## ANALYSIS

As an initial matter, the Schools have attached to the Motion the affidavit of Schools Deputy Superintendent Patsy Smith which avers facts that would controvert factual assertions in the Complaint. Def.'s Memo. in Supp. Ex. 2 Smith Aff. Fed. R. Civ. P. 12(d) provides that

> If, on a motion under rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.[12]

However, the Court retains the discretion to consider or exclude such extrinsic evidence presented with a Rule 12(b)(6) to dismiss.[13] In this case, the Court declines to consider the affidavit of Deputy Superintendent Smith in reaching its decision on the Schools' Motion to Dismiss.

Construing the Complaint in the light most favorable to the Plaintiff and accepting all

---

[10] *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990).

[11] *Rogers v. Stratton Indus.*, 798 F.2d 913, 916 (6th Cir.1986).

[12] Fed. R. Civ. P. 12(d); *see also Jones v. City of Cincinnati*, 521 F.3d 555, 561-62 (6th Cir. 2008).

[13] *Jones*, 521 F. 3d at 561. *See also Pueschel v. United States*, 369 F.3d 345, 353 n. 3, (4th Cir. 2004); *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 701).

factual allegations as true, the Court concludes that Plaintiff has failed to state a claim against the Schools. First, Plaintiff's reliance on 28 U.S.C. § 1346(b)(1), also known as the Federal Tort Claims Act, as a basis for jurisdiction is misplaced. That section reads in pertinent part that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States."[14] Nothing in the plain language of the statute or the jurisprudence of this Circuit would create a cause of action against a state or local government entity under the Federal Tort Claims Act. There is no allegation in the Complaint that would implicate the federal government of the United States or any of its employees. Therefore, the Court finds that Plaintiff has failed to state any cause of action pursuant to this statute.

As for Plaintiff's Section 1983 cause of action, the Court holds that Plaintiff has failed to state a claim against the Schools. Section 1983 creates a cause of action when there is a deprivation "of any rights, privileges, or immunities secured by the Constitution," as a result "of any statute, ordinance, regulation, custom, or usage, of any State."[15] In cases of local government liability such as one against a school system, a plaintiff must allege the following: (1) that the plaintiff has suffered a deprivation of a constitutional right; and (2) the local government is responsible for that violation.[16] Furthermore, a local governmental entity, such as a school board, "is not vicariously liable under § 1983 for the constitutional torts of its agents: It

---

[14] 28 U.S.C. § 1346(b)(1).

[15] 42 U.S.C. § 1983.

[16] *Doe v. Claiborne County, Tenn. By and Through Claiborne County Bd. of Educ.*, 103 F.3d 495, 505 -506 (6th Cir. 1996).

6

is only liable when it can be fairly said that the [entity] itself is the wrongdoer."[17] Instead a plaintiff must allege that the constitutional tort was a result of a policy or custom of the local government entity itself.[18]

While Defendant argues that Plaintiff has not alleged an injury to a constitutional right, the Court finds that it need not reach this issue. Plaintiff's Complaint has failed to allege that the Schools are liable for any alleged violation of Justin's rights. Plaintiff has alleged that the Schools were "negligent in that they failed to take corrective action" after the first assault on Justin.[19] Likewise, Plaintiff alleges that the Schools negligently and intentionally inflicted emotional distress on her son by their failure "to take immediate corrective action."[20] The only conduct alleged in the Complaint that could bear on the failure of the Schools to take corrective action was the Southwind principal's handling of the November 2007 assault on Justin. It is clear from the Complaint that Plaintiff relies entirely on the fact that the Southwind principal,

---

[17] *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 121 (1992). *See also Jett v. Dallas Independent School District*, 491 U.S. 701, 726-29 (1989) (discussing history of civil rights statutes and concluding that Congress plainly did not intend to impose vicarious liability on counties, municipalities or other local governmental bodies); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (rejecting simple vicarious liability for municipalities under § 1983).

[18] *City of St. Louis v. Praprotnik*, 458 U.S. 112, 122 (1988) (interpreting rejection of respondeat superior liability by *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 691 (1978), as a command that "local governments . . . should be held responsible when, and only when, their official policies cause their employees to violate another person's constitutional rights"); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986) (same); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997) (rejecting claims against city and county and holding that "in order to state a claim against a city or a county under § 1983, a plaintiff must show that his injury was caused by an unconstitutional 'policy' or 'custom' of the municipality", citing *Pembaur*).

[19] *See* Compl. 3.

[20] Compl. 4.

who is not named as a Defendant, was employed by the Schools as the basis for her claim that the Schools violated her son's civil rights. The Complaint fails to allege at any point that the Schools' custom or policy was the moving force behind Justin's alleged constitutional injuries. None of the facts alleged supports an inference that Justin was harmed by an unconstitutional custom or policy of Shelby County. Therefore, Plaintiff's Complaint fails to state a claim for relief pursuant to Section 1983 against the Schools.

This leaves Plaintiff's state law claims against the Schools. It is settled law that the district court may exercise jurisdiction over a pendent state law claim, even after the basis for removal to federal court has been eliminated, if recommended by a careful consideration of factors such as judicial economy, convenience, fairness, and comity.[21] Generally, if the federal claims are dismissed before trial, the state claims should be dismissed as well.[22] Therefore, Plaintiff's claims against the Schools brought under the Tennessee Human Rights Act and Tennessee common law are dismissed.

## CONCLUSION

Plaintiff's Complaint has failed to state a claim against the Schools pursuant to the Federal Tort Claims Act or Section 1983. Having dismissed any claim which might form the basis for federal jurisdiction, the Court also declines to exercise jurisdiction over any of Plaintiff's state law claims against the Schools. Therefore, the Schools' Motion to Dismiss is **GRANTED**.

---

[21] *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

[22] *Taylor v. First of Am. Bank-Wayne,* 973 F.2d 1284, 1287 (6th Cir.1992) (citing *Gibbs,* 383 U.S. at 726).

**IT IS SO ORDERED.**

          **s/ S. Thomas Anderson**
          S. THOMAS ANDERSON
          UNITED STATES DISTRICT JUDGE

          Date: January 22nd, 2009.